85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Naola VAN ORDEN, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendant-Appellee.
 No. 94-16199.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided May 15, 1996.
 
 1
 Before: BROWNING, CANBY, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The Bureau of Land Management, through forester Charles Bollinger, contracted with Rick Churches to remove dead and dying trees from a tract of federal land adjacent to Naola Van Orden's property. A tree felled by Churches struck Van Orden while she was working in her back yard, causing her personal injury and property damage. Van Orden sued the Bureau under the Federal Tort Claims Act (FTCA). The district court held the discretionary function exception to the Act barred suit and granted summary judgment for the Bureau, implicitly determining the court lacked subject matter jurisdiction over the claim. Van Orden appeals.[1]
 
 
 4
 The discretionary function exception is an exception to the Government's limited waiver of sovereign immunity under the FTCA. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995). To determine whether a governmental action falls within the discretionary function exception, we ask (1) whether the challenged action involves an element of judgment or choice; and (2) whether the choice is based on considerations of public policy. See United States v. Gaubert, 499 U.S. 315, 322-23 (1991). In applying this test, we analyze separately each claimed negligent act. In re Glacier Bay, 71 F.3d 1447, 1451 (9th Cir.1995).
 
 
 5
 Van Orden challenges the Bureau's failure to include appropriate safety stipulations in the timber sale contract in view of the close proximity of Van Orden's property to the trees that were to be cut.[2] Van Orden concedes this omission involved judgment or choice. Our inquiry is whether it was "susceptible to policy analysis." Gaubert, 499 U.S. at 325.
 
 
 6
 The discretionary function exception protects only choices grounded in social, economic, and political policy. Prescott v. United States, 973 F.2d 696, 700 (9th Cir.1992). There was in place a broad statutory, regulatory, and internal agency scheme governing the disposal and sale of federal timber. The Government claims the purposes of the timber sale program are to manage timber, to generate revenue, and to preserve the environment. Although the existence of a regulation establishing governmental policy "creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulation," Gaubert, 499 U.S. at 324, a plaintiff may show "the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Id. at 324-25.
 
 
 7
 The timber program contemplates the exercise of discretion by the Bureau's agents at several points in the timber sale process. The record indicates, however, that a decision to include special precautions in a timber sale contract to cover felling trees to avoid injury on adjacent property is not grounded in policy, but solely on technical considerations, such as the distance of the tree from property lines, the amount of land available on which the tree may fall without danger, the extent and direction in which the tree leans, and the steepness of the incline on which it stands. The contracting officer is not required to balance social, economic, and political considerations to determine whether such technical considerations warrant the inclusion in the contract of specific felling procedures to insure the safety of adjacent landowners. See Kennewick Irr. Dist. v. United States, 880 F.2d 1018, 1031 (9th Cir.1989) (decisions based on technical, scientific, or engineering considerations are not protected by discretionary function exception).
 
 
 8
 The Government stated at oral argument that government policy was involved because the primary purpose of the timber sale program is the production of revenue and the contracting agent must balance economic concerns against the need for additional safety. We rejected a similar argument in Routh v. United States, 941 F.2d 853, 856 (9th Cir.1991). A determination that certain trees are or are not situated so as to require additional precautions during their felling does not involve the weighing and balancing of the social, economic, and political policies underlying the broad regulatory scheme that governs the sale of federal timber. It would cost the Government little to discuss safe felling procedures with the purchaser or incorporate such procedures in the contract.
 
 
 9
 We conclude that Bollinger's decision not to incorporate additional safety provisions in the contract was not "of the nature and quality that Congress intended to shield from tort liability." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813 (1984).
 
 REVERSED.[3]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After the Government's brief was filed, the parties stipulated to, and the district court entered, final judgment in favor of the United States pursuant to Rule 54(b). This court therefore has jurisdiction
 
 
 [2]
 Van Orden does not challenge the Bureau's decision to remove the trees, its failure to investigate Churches' qualifications, or its decision not to supervise Churches' felling operations
 
 
 [3]
 We decline the Government's invitation to address its alternate claim, not reached by the district court, that summary judgment is warranted because Van Orden's peculiar risk claim fails. Although we may affirm a grant of summary judgment on any ground supported by the record, Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n, 997 F.2d 581, 584 (9th Cir.1993), this issue was not decided below or fully argued to us on appeal. See Kaplan v. Rose, 49 F.3d 1363, 1374-75 (9th Cir.1994)